UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY ROBERT CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 14-CV-3111 |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF VETERANS AFFAIRS, et al., ) | |
| ) | |
| Defendants. ) | |

**MERIT REVIEW OPINION**

Plaintiff, proceeding pro se and currently incarcerated in the Sangamon County Jail, challenges his medical treatment by doctors at the Veterans Administration Hospital.

Because Plaintiff filed this case while incarcerated, the Court is required to review the Complaint to determine whether Plaintiff states any federal claims which can proceed in this Court. 28 U.S.C. Section 1915A.

To the extent Plaintiff challenges the denial of veterans' benefits, federal district courts lack the power to rule on that challenge. The Veterans Judicial Review Act "establishes the exclusive review procedure through which veterans may challenge the VA's adjudication of their benefits claims." Karmatzis v.

Hamilton, 2014 WL 278488 *2 (7th Cir. 2014)(unpublished).  Under that Act, the way to appeal the denial of benefits is to appeal the decision to the Board of Veteran's Appeals.  Id.; 38 U.S.C. Section 7104(a).

The only possible federal claim the Court can discern against the named Defendants is a potential claim against the United States under the Federal Tort Claims Act, to the extent the doctors are federal employees.  The action would be against the United States and not against the doctors individually.  *See* Ingram v. Faruque, 728 F.3d 1239, 1240-41 (10th Cir. 2013)(no Bivens action for medical claims against Veteran Hospital doctors where FTCA provided remedy for alleged wrongs); Murrhee v. Principi, 364 F.Supp.2d 782, 786 (C.D. Ill. 2005)(same).  However, to pursue such a claim in federal court, Plaintiff must have first presented his claims to the appropriate federal agency.  28 U.S.C. Section 2675(a).  Plaintiff makes no allegation that he presented his claims to the appropriate federal agency as required before filing this lawsuit.  Accordingly, Plaintiff's complaint will be dismissed without prejudice to filing an amended complaint if he seeks to pursue a claim under the Federal Tort Claims Act and has exhausted his administrative remedies under that Act.

Plaintiff may also be trying to pursue a claim that he has been denied necessary treatment at the Jail. However, none of the named Defendants work at the Jail, nor does Plaintiff say that he has tried to obtain medical care at the Jail or filed a Jail grievance about the lack of medical care. If Plaintiff does intend to file a claim regarding his current medical treatment, Plaintiff may include that claim in his amended complaint, naming the individuals who have denied Plaintiff medical care.

**IT IS ORDERED:**

1) Plaintiff's complaint is dismissed without prejudice to filing an amended complaint by June 27, 2014, in accordance with this order. Failure to file an amended complaint by June 27, 2014, will result in dismissal of this case, without prejudice.

**2) The clerk is directed to send Plaintiff the standard complaint forms and instructions.**

ENTERED: June 17, 2014

FOR THE COURT:

                                    **s/Sue E. Myerscough**
                                    SUE E. MYERSCOUGH
                                    UNITED STATES DISTRICT JUDGE